# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### NOVEMBER SESSION, 1997

**FILED**

January 9, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | **C.C.A. NO. 01C01-9612-CC-00504** |
| | ) | |
| Appellee, | ) | |
| | ) | |
| | ) | **COFFEE COUNTY** |
| **VS.** | ) | |
| | ) | **HON. GERALD L. EWELL, SR.** |
| **ANTHONY TURNER,** | ) | **JUDGE** |
| | ) | |
| Appellant. | ) | (Revocation of Community Corrections) |

## ON APPEAL FROM THE JUDGMENT OF THE CIRCUIT COURT OF COFFEE COUNTY

FOR THE APPELLANT:

CAMPBELL SMOOT
Public Defender

RACHEL E. WILLIS
Assistant Public Defender
605 East Carroll Street
P.O. Box 260
Tullahoma, TN 37388

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

GEORGIA BLYTHE FELNER
Assistant Attorney General
425 5th Avenue North
Nashville, TN 37243

C. MICHAEL LAYNE
District Attorney General

STEPHEN WEITZMAN
Assistant District Attorney General
Manchester, TN 37355

OPINION FILED _____

AFFIRMED

DAVID H. WELLES, JUDGE

# OPINION

The Defendant appeals as of right from the judgment of the trial court which found him to be in violation of the terms of his community corrections sentence and ordered that the balance of his six-year sentence be served in the Department of Correction. The Defendant argues that the trial judge abused his discretion in ordering that the remainder of the Defendant's sentence be served in the Department of Correction. We disagree and affirm the judgment of the trial court.

On March 20, 1996, the Defendant pleaded guilty to the Class C felony offense of selling less than ½ gram of cocaine.[1] He was sentenced as a Range I standard offender to a term of six years to be served in the community corrections program.

On April 3, 1996, about two weeks after being placed in the community corrections program, the Defendant was arrested two separate times for disorderly conduct. These arrests resulted in a warrant being issued charging him with violating the terms of his community corrections sentence. After conducting an evidentiary hearing, the trial judge revoked the Defendant's community corrections sentence and ordered that the balance of the sentence be served in the Department of Correction.[2] It is from the order of the trial court

---

[1] Tenn. Code Ann. § 39-17-417(c)(2).

[2] The Defendant was given credit for 142 days spent in jail and for 17 days spent in community corrections.

revoking the community corrections sentence and ordering the balance of the sentence served in the Department of Correction that the Defendant appeals.

The trial court has the discretion to revoke a community corrections sentence upon a finding that the defendant has violated the conditions of the agreement; the trial court may then order the defendant to serve his sentence in confinement. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). However, before a trial court may revoke a community corrections sentence, the record must contain sufficient evidence to permit the trial court to make an intelligent and conscientious decision. Id. When revoking a community corrections sentence, the trial court must place its findings of fact and the reasons for the revocation on the record. See Gagnon v. Scarpelli, 411 U.S. 778, 786, 93 S.Ct. 1756, 1762, 36 L.Ed.2d 656 (1973).

The Tennessee Supreme Court has held that an abuse of discretion standard of appellate review should be used to address the revocation of a community corrections sentence. Harkins, 811 S.W.2d at 82. In order for a reviewing court to be warranted in finding an abuse of discretion in a revocation proceeding, it must be established that the record contains no substantial evidence to support the conclusion of the trial judge that the defendant violated the terms of the community corrections program. Id. The proof of a violation of community corrections need not be established beyond a reasonable doubt, but it is sufficient if it allows the trial judge to make a conscientious and intelligent decision. Id.; State v. Milton, 673 S.W.2d 555, 557 (Tenn. Crim. App. 1984).

If the evidence at the revocation proceeding is insufficient to establish that a violation occurred, the trial court should dismiss the proceeding. Conversely, if the evidence is sufficient, the trial judge may, within his discretionary authority, revoke the sentence and require the accused to serve the sentence in confinement. See Tenn. Code Ann. § 40-36-106(e)(3).

The testimony presented at the revocation hearing centered around the Defendant's activity between approximately 1:00 a.m. and 6:00 a.m. on April 3, 1996. Testimony established that about 1:00 a.m. on that date the Defendant went to the apartment of his girlfriend, with whom he had been staying. The Defendant had been drinking and an argument or altercation started. The police were then called for the first time that evening, but apparently the Defendant was not there when the police arrived. After the police departed, the Defendant came back to the apartment and the police were again summoned. When they arrived this time, the Defendant was not there, but he came in while the police were there. The Defendant's girlfriend asked him to leave her apartment and the police also asked him to leave the apartment. The Defendant refused to leave and "became disorderly" and was arrested. The Defendant was taken to jail, but apparently made bond and returned to the same apartment sometime prior to 6:00 a.m. on the same day. He gained entrance to the apartment, and his girlfriend, who testified that she was afraid of him that morning, jumped out of the window of her second floor apartment to try to get away from the Defendant. When she jumped, she broke her leg. The police were again called to the apartment. An ambulance arrived to transport the Defendant's girlfriend for treatment of her broken leg. The Defendant again approached his girlfriend and the police officer who was there with her. He was asked to leave. He refused,

-4-

got loud, and used profanity. Several people had gathered and the officer said he was afraid the Defendant was going to interfere with the ambulance attendants, so the officer arrested him on a charge of disorderly conduct. The Defendant's girlfriend testified that the only time she really had problems with the Defendant was when he had been drinking.

After hearing this testimony, the trial judge took the matter under advisement but stated, "this may have been a minor situation, but he persisted in it, went into the apartment, caused this young lady -- this woman to jump out of the apartment, break her leg. . . . I will look at the record, but he had this [alcohol] problem when he went on community corrections and I am not convinced that ordering anything other than a full revocation will help him." The judge subsequently entered a order revoking the Defendant's community corrections sentence.

We believe that this record contains substantial evidence to support a finding that the Defendant violated the terms of his community corrections sentence. We also believe the record contains sufficient evidence which permitted the trial court to make an intelligent and conscientious decision. Based on the evidence, we believe that it was within the discretionary authority of the trial judge to revoke the Defendant's sentence and require the Defendant to serve the sentence in the Department of Correction. We cannot conclude that the trial judge abused his discretion.

The judgment of the trial court is accordingly affirmed.

_____
DAVID H. WELLES, JUDGE


CONCUR:


_____
JOHN H. PEAY, JUDGE


_____
JOSEPH M. TIPTON, JUDGE